LEE et al., Respondents, v. STERN et al., Appellants.

1. Where, in an action on a contract, an offer was made by the defendant in writing, under section 1 of article 23 of the practice act of 1849, to allow judgment to be taken against him for a certain sum, which offer was accepted by plaintiff and judgment entered accordingly; held, that defendant is not entitled to a judgment for costs, on the ground that the sum for which judgment is thus allowed to be taken is below the jurisdiction of the court.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.
*Hill, Grover & Hill,* for appellants.
*Hudson & Thomas,* for respondents.

Scott, Judge, delivered the opinion of the court.

The question in this case arises under the 1st section of the 23d article of the present practice act. The section referred to is in these words : " In any action arising on contract, the defendant may, at any time before trial or judgment, serve on the plaintiff an offer in writing, to allow judgment to be taken against him for the sum, or to the effect therein specified. If the plaintiff accept the offer, and give notice thereof, within ten days, he may file the offer and an affidavit of notice of acceptance, and judgment shall be entered accordingly. If the notice of acceptance be not given, the offer shall be deemed withdrawn, and shall not be given in evidence or commented on before a jury ; and if the plaintiff fail to obtain a more favorable judgment, he shall recover no costs, but shall pay the defendant's costs from the time of the offer."

This was an action on a contract, and the defendant made an offer to confess a judgment for $31 50, which was accepted by the plaintiffs. The suit was in the Court of Common Pleas. Judgment was entered for the sum confessed, and also for costs. The defendants maintained that the judgment for costs should have been entered for them, as the amount confessed, and for which judgment was rendered, was below the jurisdiction of the court. The question is, for whom should the judgment for costs have been given ?

This case, in our opinion, is not influenced by the general law of costs, nor the decisions which have been made under it. It stands on the section of law which has been copied above. We conceive it would be evidently against the spirit of the act to make the plaintiff lose his costs by an acceptance of the offer of the defendants. Such a construction would little harmonize with its policy, as in many cases it might prevent a compromise. As the statute confers a privilege on the defendant at the expense of the plaintiff, there is no authority for extending it further than its terms will warrant. If a plaintiff will, in the spirit of the act, accept the offer, it would be hard

to subject him to the payment of costs, as he finds no intimation in the law that, by so doing, such a consequence must follow. The provision is in terror to the plaintiff, and if he yields to it, there is no reason why he should be subjected to a liability not mentioned in the statute.

The judgment is affirmed; the other judges concurring.